ORTIZ, PETITIONER AND APPELLEE, *v.* AGUAYO, RESPONDENT AND APPELLANT.

APPEAL from the District Court of Ponce in a Petition for Injunction.

No. 1848.—Decided November 15, 1918.

INJUNCTION—UNLAWFUL DETAINER.—The extraordinary writ of injunction does not lie to stay proceedings in an action of unlawful detainer under pretext of the pendency of an action which affects the validity of the title of the plaintiff in the action of unlawful detainer. If so, the action of unlawful detainer would be illusory because the eviction could be evaded by the institution of an ordinary action which would allow the defendant in unlawful detainer to retain possession during the entire pendency of the suit.

ID.—ID.—DAMAGES—NOTICE OF ACTION.—The remedy for avoiding the damages

which may be caused the defendant who is unable to stay the unlawful detainer proceedings is the common one prescribed by law of recording a notice of the ordinary action in the registry of property.

The facts are stated in the opinion.

*Mr. H. B. Pérez Mercado* for the appellant.

*Mr. R. Martínez Nadal* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Augusto Aguayo brought an action of unlawful detainer against José Tomás Ortiz in the Municipal Court of Ponce to recover the possession of an urban property, and on February 1, 1918, the said court rendered judgment sustaining the complaint and ordering the defendant to vacate the property and place the same at the free disposal of the owner within the fixed period of fifteen days, with an admonition of eviction in case of his failure to obey.

José Tomás Ortiz, the defendant in the action of unlawful detainer, brought an action in the District Court of Ponce for the rescission of the contract of purchase and sale upon which plaintiff Augusto Aguayo based his title of ownership in the action of unlawful detainer and moved the court to issue a writ of injunction to its marshal, subject to his furnishing security, enjoining Aguayo from doing any act, personally or by agent, tending to prosecute the action of unlawful detainer. The parties having been heard and the evidence examined, the said district court, by an order of March 5, 1918, granted the preliminary injunction prayed for, subject to the furnishing of a bond in the sum of $400 by petitioner Ortiz to answer to Aguayo for any damages that he might suffer by the stay of the action of unlawful detainer.

Augusto Aguayo, the defendant in the present action, appealed from the said order and the only question involved in the appeal is whether the District Court of Ponce was empowered to issue a writ of injunction staying the action of unlawful detainer because of the institution of another subse-

quent action to annul the title of ownership relied on by Augusto Aguayo as plaintiff in the action of unlawful detainer.

The action of unlawful detainer is a special proceeding, the sole purpose of which is to recover the possession of real property, while an ordinary action should be brought in order to determine the right of ownership of said property. *Torres et al.* v. *Pérez,* 18 P. R. R. 557; *León* v. *Alvarado,* 24 P. R. R. 654. Hence, as the judgment in an action of unlawful detainer affects only the possession and not the right of ownership, it is no bar to the prosecution of an ordinary action to litigate the right of ownership, and consequently it cannot serve as a basis for the plea of *res judicata. Virella* v. *Virella,* 23 P. R. R. 644.

Applying this doctrine to the case, it follows that the judgment of unlawful detainer rendered by the Municipal Court of Ponce on February 1, 1918, held that Augusto Aguayo was entitled to the possession of the property in question, leaving José Tomás Ortiz free to bring an action to determine the right to the ownership thereof and until that right of ownership is adjudicated by the courts the right to the possession determined by the judgment in the action of unlawful detainer should stand and cannot be disturbed by the mere exercise of an action affecting the title to the property.

The remedy by injunction to stay an action of unlawful detainer because of the pendency of an action affecting the validity of the title of the plaintiff in unlawful detainer would render illusory the special action of unlawful detainer established by the law, for the defendant in unlawful detainer could bring an ordinary action to avoid the threatened eviction and thus succeed in remaining in possession during the long and slow process of the ordinary action.

It is true that according to the Injunctions Act of March 8, 1906, an injunction may be granted to prevent a multiplicity of judicial proceedings, but the real meaning of these words

does not prevent different persons from setting up claims which are *prima facie* valid against the same property, as in the present case in which the plaintiff in the action of unlawful detainer exercised a right which the law recognizes and the plaintiff in the ordinary action exercised another and distinct right also sanctioned by law. Although different, the two actions are compatible and the one does not impinge upon the other.

It is not sought in the present case to prevent a multiplicity of proceedings by means of an injunction, and we believe that it was not the intention of the legislature to allow one party to obtain by means of an injunction what he could not secure in any other way, namely, the stay of the special proceeding of unlawful detainer by the institution of an ordinary action concerning the same subject-matter. *American Trading Co. v. Monserrat,* 18 P. R. R. 268.

The remedy of the petitioner for avoiding the damages that he might suffer by the prosecution of the unlawful detainer proceeding is not that of injunction, but the common remedy provided for by law of recording a notice of the ordinary action in the registry of property.

For the foregoing reasons the order appealed from should be set aside and the preliminary injunction dissolved.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred